UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*FILED*
*IN CLERKS OFFICE*
*2002 JAN 24  P 2: 11*
*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

CIVIL ACTION NO.

## 02-10138 REK

|  |  |  |
|---|---|---|
| FREDERICK L. LODER, JR., | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| CITY OF EVERETT, BRIAN MURRAY, | ) | |
| STEVEN IANNUZZI GREGORY | ) | |
| DEROSA and JOHN DOES, | ) | |
| Defendants | ) | |

RECEIPT #_____ 36601
AMOUNT $_____ 40
SUMMONS ISS.____ yes-4
LOCAL RULE 4.1 ____
WAIVER OF SERV.____
MCF ISSUED_____
AO 120 OR 121_____
BY DPTY CLK_____ SS
DATE_____ 1-24-02

## INTRODUCTION

1.      Through this action, the Plaintiff, Frederick L. Loder, Jr. seeks damages for
injuries he suffered when he was brutally beaten by members of the City of Everett Police
Department on April 9, 1999 and then imprisoned and prosecuted for crimes he did not commit.
The Plaintiff asserts federal and state civil rights claims against police officers, Brian Murray,
Steven Iannuzzi, Gregory DeRosa and John Does, as well as their employer, the City of Everett.
Plaintiff also asserts state negligence claims pursuant to M. G. L. ch. 258 against the City of
Everett and state common law tort claims of intentional infliction of emotional distress against
each of the individual defendants.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 1985 and in accordance
with the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.
Jurisdiction is founded upon 28 U.S.C. § 1331 and 1343 as well as the aforementioned statutory
provisions.  Plaintiff invokes the pendant jurisdiction of this court to hear and to decide claims



arising under M.G.L. Ch. 12 § 11, M.G.L. Ch. 258 § 4 and the decisional law of the
Commonwealth of Massachusetts.

## PARTIES

3.      Plaintiff, Frederick L. Loder, Jr. ("Loder"), is a citizen of the United States and a
resident of the Commonwealth of Massachusetts.

4.      Defendant, Brian Murray ("Murray"), Steven Iannuzzi ("Iannuzzi"), and Gregory
DeRosa ("DeRosa") were at all times material to this case duly appointed police officers for the
City of Everett.  Each of the Defendants is named herein in both his individual and official
capacity.

5.      The Defendant, John Does ("Does"), were at all times material to this case duly
appointed police officers for the City of Everett.  John Does are named herein in both their
individual and official capacity.

6.      Defendant, City of Everett (the "City"), is a municipality duly incorporated under
the laws of the Commonwealth of Massachusetts.

## FACTS COMMON TO ALL COUNTS

7.      On or about April 9, 1999, while resting quietly in his automobile on Ferry Street
in the City of Everett, Mr. Loder was awakened by a number of uniformed Everett police
officers, including Officers Murray, Iannuzzi, DeRosa and Does.

8.      Without any probable cause to believe that Mr. Loder had committed a crime and
entirely without justification the Defendants forcefully removed Mr. Loder from his automobile.

9.      The Defendants dragged Mr. Loder to the rear of his automobile where he was
handcuffed.

10.     The Defendants then proceeded to beat Mr. Loder about the head and body with

2

their hands, feet and other instruments.

11.     Mr. Loder was beaten so severely that he lost consciousness.

12.     Due to the severity of the injuries Mr. Loder suffered, he was taken to the hospital for medical treatment. While at the hospital he remained handcuffed and under the control of the City of Everett Police Department.

13.     Mr. Loder was then transported to the City of Everett Police Department where he was charged with Disorderly Conduct and Resisting Arrest.

14.     Mr. Loder remained imprisoned overnight.

15.     Thereafter, under the supervision of John Doe, Ianuzzi and Murray fabricated incident reports in an effort to cover their unlawful conduct, which lead to the prosecution of Mr. Loder.

16.     Ultimately the Middlesex District Attorney's Office recognized the absurdity of the charges against Mr. Loder and filed a Nolle Prosequi, clearing Mr. Loder of all charges.

17.     The Defendant City of Everett was grossly negligent in its training, supervision and discipline of the individual officers as to their duty to equally enforce the laws and as to their duty to protect the residents of Everett and other citizens including the Plaintiff from the brutality and harassment committed by members of the Everett Police Department.

18.     As a proximate result of the Defendants' actions, and their failure to act, Mr. Loder suffered serious physical injuries, emotional distress and other losses.

19.     On February 13, 2002, the Plaintiff served the City of Everett with a presentment letter pursuant ot M.G.L. C. 258 § 4. A copy of said presentment letter is attached hereto and incorporated herein as Exhibit A.

## COUNT I

### (v. City of Everett
### for Violation of 42 U.S.C. §1983 )

20.     Plaintiff realleges and incorporates as if fully set forth herein paragraphs 1 through 19 above.

21.     Plaintiff was deprived of his civil rights as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution as a result of the custom and practice of the City of Everett.

22.     The Plaintiff was deprived of his civil rights as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution as a result of the City of Everett's gross negligence in the hiring, training and supervision of its police officers.

23.     As a direct and proximate result of the violation of 42 U.S.C. § 1983 by the City of Everett, the Plaintiff suffered the injuries described herein.

## COUNT II

### (v. City of Everett
### for Violation of M. G. L. ch. 258 § 4 )

24.     Plaintiff realleges and incorporates as if fully set forth herein paragraphs 1 through 23 above.

25.     Defendant City of Everett owed Mr. Loder a duty to exercise reasonable care in hiring, supervising and training of its employees, including but not limited to the Defendants Murray, Iannuzzi, DeRosa and Does, which it failed to do and so breached its duty of care.

26.     Further the City of Everett is liable for the actions of its employees with regard to their treatment of Mr. Loder.

27.     As a direct and proximate result of the negligence of the Defendant, City of

4

Everett, the Plaintiff has suffered the injuries described herein.

## COUNT III

### (v. Murray, Iannuzzi, DeRosa and Does
### for Violation of 42 U.S.C. § 1983)

28.     Plaintiff realleges and incorporates as if fully set forth herein paragraphs 1
through 27 above.

29.     By engaging in the conduct described above, Defendants, Murray, Iannuzzi,
DeRosa and Does violated the Plaintiff's civil rights as secured by the First, Fourth, Fifth and
Fourteenth Amendments to the United States Constitution.

30.     As a direct and proximate result of actions of the Defendants, the Plaintiff
suffered the injuries described herein.

## COUNT IV

### (v. Murray, Iannuzzi, DeRosa and Does
### for Intentional Infliction of Emotional Distress)

31.     Plaintiff realleges and incorporates as if fully set forth herein paragraphs 1
through 30 above.

32.     Defendants Murray, Iannuzzi, DeRosa and Does knew or should have known that
their conduct as described above would likely result in the Plaintiff suffering emotional distress.

33.     Defendants' actions were intentional, reckless, extreme, outrageous, beyond all
bounds of decency, and utterly intolerable in a civilized community.

34.     Defendants' actions did cause the Plaintiff to suffer severe emotional distress of
such a nature that no reasonable person could or should be expected to endure it.

## COUNT V

### (v. Murray, Iannuzzi, DeRosa and Does
### for Assault and Battery)

35.     Plaintiff realleges and incorporates as if fully set forth herein paragraphs 1

through 34 above.

36.     The Defendants, Murray, Iannuzzi, DeRosa and Does without right or privilege,

intentionally and in concert with each other assaulted and beat the Plaintiff.

37.     As a direct and proximate result of the assault and battery the Plaintiff suffered

physical injuries described herein.

## COUNT VI

### (v. All Defendants
### for violation of 42 U.S.C. 1983 and 1985- Conspiracy to Violate Civil Rights)

38.     Plaintiff realleges and incorporates as if fully set forth herein paragraphs 1

through 35 above.

39.     By engaging in the conduct described above, the Defendants, acting in concert

with each other, acted to conspire and thereby violated the Plaintiff's civil rights, particularly

those rights secured by the First, Fourth, Fifth, and Fourteenth Amendments to the United States

Constitution.

40.     As a direct and proximate result of the conspiracy engaged in by the Defendants,

Plaintiff suffered the injuries described herein.

## COUNT VII

### (v. All Defendants
### for Violation of M.G.L. ch. 12 §11I)

41.     Plaintiff realleges and incorporate as if fully set forth herein paragraphs 1 through

40 above.

42.     By engaging in the conduct described above including threats, intimidation and coercion, the Defendants interfered with and deprived the Plaintiff of his exercise and enjoyment of his civil rights secured under the laws of the Commonwealth of Massachusetts in violation of M. G. L. ch. 12 § 11H-I.

43.     As a direct and proximate result of the violation of M. G. L. ch. 12 § 11H-I, the Plaintiff suffered the injuries described herein.

## COUNT VIII

### (v. Murray, Iannuzzi, DeRosa and Does
### for False Imprisonment)

44.     Plaintiff realleges and incorporates as if fully set forth herein paragraphs 1 through 43 above.

45.     On or about April 9, 1999, the Plaintiff was unlawfully and intentionally confined against his will, without right or privilege.  This was the direct result of the unlawful conduct of the Defendants, jointly and severally.

46.     As a direct and proximate result of the acts described above, the Plaintiff was falsely imprisoned, deprived of his liberty, and therefore, was damaged.

## COUNT IX

### (v. Murray, Iannuzzi, DeRosa and Does
### for Malicious Prosecution)

47.     Plaintiff realleges and incorporates as if fully set forth herein paragraphs 1 through 46 above.

48.     Iannuzzi and Murray deliberately signed incident reports that contained false information and in so doing led directly to the improper institution of criminal proceedings against the Plaintiff.  The actions of Iannuzzi and Murray were done at the behest of Derosa and

7

Does, who shared their intention and acted in concert with them.

49.     The Defendants did so with malice and without probable cause.

50.     The criminal prosecution of the Plaintiff was legally and finally terminated in favor of the Plaintiff by a dismissal by means of Nolle Prosequi.

51.     As a direct and proximate result of the acts of the Defendants in maliciously prosecuting the Plaintiff for crimes he did not commit, the Plaintiff was caused to suffer damages.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this honorable court:

1.     Award compensatory and punitive damages;

2.     Award Plaintiff attorneys' fees, costs and interest;

3.     Award such other and further relief, as this court deems necessary, fair and appropriate.

## JURY DEMAND

A JURY TRIAL IS HEREBY DEMANDED.

RESPECTFULLY SUBMITTED,

Frederick L. Loder, Jr.
By His Attorneys,


Frederick V. Gilgun, Jr., Esquire
BBO #551477
Nicholoson, Streter & Gilgun, P.C.
33 Bedford Street, Suite 4
Lexington, MA 02420
Tel No.:  (781) 861-9160
Fax No.: (781) 861-7875

8

LAW OFFICES OF
## NICHOLSON, SRETER & GILGUN, P.C.
33 BEDFORD STREET • P.O. BOX 518
LEXINGTON, MASSACHUSETTS 02420

DEAN E. NICHOLSON
ALBERT J. SRETER
FREDERICK V. GILGUN, JR.

(781) 861-9160
FAX (781) 861-7875

February 13, 2001

David Ragucci, Mayor
John F. Hanlon, City Clerk
Ronaldo Salvato, Esquire
City of Everett
City Hall
484 Broadway
Everett, MA 02149

   Re: Fredrick Loder

Gentlemen:

   This letter is for the purpose of making a claim pursuant to M.G.L. c. 258 against the City of Everett (the "City"). This claim is being made on behalf of Fredrick Loder for the unlawful search and seizure of his person and property and the unlawful assault and battery perpetrated against him by police officers employed by the City of Everett on April 9, 1999. This claim is based on those negligent acts of the City's officials and employees, both on the aforementioned date and in the prior hiring, training, and supervision of the police officers involved, which negligence caused or permitted this incident to occur.

   On or about April 9, 1999, while resting quietly in his automobile on Ferry Street in the City of Everett, Mr. Loder was awakened by a number of uniformed Everett police officers, including an Officer Hall. Without any probable cause to believe that a crime had been committed and entirely without justification, the officers physically removed Mr. Loder from his vehicle. The officers dragged Mr. Loder to the rear of the vehicle where they proceeded to beat him. The officers beat Mr. Loder about the head and body repeatedly striking him with their hands and feet as well as with instruments. The beating was so severe that Mr. Loder ultimately lost consciousness. Mr. Loder was arrested and charged with disorderly conduct and resisting arrest.

   Due to the severity of the injuries he suffered during the beating, Mr. Loder was taken to Whidden Memorial hospital for emergency treatment. Loder suffered lacerations to his face and numerous bruises and abrasions about his body. I am enclosing herewith photographs which depict some of the injuries suffered by Mr. Loder.

   Not only were the City of Everett police officers entirely without justification for the assault and battery against Mr. Loder, but they also violated Mr. Loder's civil rights when the

EXHIBIT A

searched and seized him without probable cause. Kimberly Mayo, an independent witness, who observed the arrest of Mr. Loder corroborates Mr. Loder's account of the incident and states that she saw four Everett police officers beat an unresisting man while he was on the ground unconscious. She was so appalled by what she observed that she went to the to the Everett police station to report the police misconduct.

Recognizing the absurdity of the charges brought against Mr. Loder, the Middlesex County District Attorney's Office refused to further prosecute Mr. Loder and filed a NOLLE PROSEQUI, clearing Mr. Loder of all charges.

This claim is based on any and all negligence which was the proximate cause of the injuries and damages suffered by Mr. Loder, including but not limited to, negligence on the part of Officer Hall and the other officers involved in the arrest and assault of Mr. Loder; on the part of the agents, officers, and employees of the City of Everett, including but not limited to Mayor David Raggucci, Chief James Rogers, and other supervisory officers of the City of Everett Police Department in the hiring, training, supervising, investigating and disciplining of police officers for the City of Everett, including but not limited to, Officer Hall and the other officers involved in the arrest and assault of Mr. Loder; the negligence in the development and implementation of City policy relative to the rights of private citizens to be secure from unlawful searches and seizures and the excessive use of force by police officers and the rights of individuals to be provided the opportunity to receive timely medical treatment and such other policies, practices and customs and/or usages which contributed to the unlawful search and seizure and assault of Mr. Loder which may be discovered during the course of administrative or legal proceedings in connection with this claim.

After you have had the opportunity to investigate this matter, please reply indicating your position in regards to this claim. In the event that we do not hear from you within six (6) months from the date of this letter we will consider this a denial of Mr. Loder's claim.

Sincerely,

Fredrick V. Gilgun, Jr.

Enc.

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7099 3400 0007 6669 1252    David Ragucci, Mayor
7099 3400 0007 6669 1269    John F. Hanlon, City Clerk
 Z 225 388 499              Ronaldo Salvato, Esquire